IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| **Harold Ledbetter as Administrator of the Estate of Annie P. Thrash,** | § § § | |
| **Plaintiff,** | § § | |
| v. | § § | No. 3:09-cv-843-WKW |
| **Blair Corporation et al.,** | § § § | |
| **Defendants.** | § § | |

**Blair LLC's Response to Plaintiff's Motion for a Protective Order**

Plaintiff's motion should be denied for three reasons: (1) Plaintiff has failed to show good cause as required under Rule 26; (2) the documents Blair seeks are discoverable because they are relevant to Blair's contributory-negligence defense and to the issue of proximate cause; and (3) Plaintiff has failed to certify his attempt to resolve this issue without the Court's involvement, as required by Rule 26(c)(1).

**Statement of Facts**

As Plaintiff stated in his motion, this is a wrongful-death case in which Plaintiff alleges that his mother, Annie Thrash, died because of a flammability defect in a cotton robe sold by Blair. As part of the initial investigation into the fire, the Alabama Department of Forensic Sciences determined that, at the time of her death, Thrash's blood contained significant amounts of (1) Zolpidem (Ambien), (2) Diphenhydramine (Benedryl or Tylenol PM), (3) Carisoprodol (Soma), *and* (4) Hydrocodone (Lortab). *See* Ex. 1. Blair believes that these drugs, which include a narcotic, a sleep aid, and a muscle relaxant, may have impaired Thrash's motor skills

and cognitive abilities. When Blair learned that there were three drug bottles at Thrash's apartment, found next to the range where the incident apparently occurred and bearing the label of Kroger Pharmacy, Blair served a subpoena on Kroger, seeking:

> Any and all pharmaceutical records, including but not limited to: correspondence, notes, memoranda, reports, bills, invoices, statements, prescription sheets, prescribed medications, prescribing physicians, writings, etc., at any time whatsoever pertaining to: Annie Price Thrash . . . .

Ex. 2. To date, no objection has been received from Kroger.

## Argument

**1.     Plaintiff has not shown the good cause required for a protective order by Rule 26(c).**

A movant seeking a protective order has the burden of showing "good cause . . . to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1); 6 James Wm. Moore, *Moore's Federal Practice* § 26.104 (3d ed. 2010) ("The party requesting the protective order has the burden of demonstrating good cause.").

Good cause is established "when it is specifically demonstrated that disclosure will cause a clearly defined and serious injury." *Moore's* § 26.104. Courts have identified multiple factors for ascertaining the existence of good cause:

- The danger of abuse if a protective order is granted;
- The severity and likelihood of the perceived harm;
- The good faith of the parties' positions;
- The adequacy of the protective measures provided by a protective order;
- The duration of the order; and
- The availability of a less onerous alternative.

*In re Alexander Grant & Co. Litigation*, 820 F.2d 352, 356 (11th Cir. 1987); *Moore's* § 26.104. To establish good cause, "courts have insisted on a **particular and specific demonstration of fact**, as distinguished from stereotyped and conclusory statements." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981) (quoting *In re Halkin*, 598 F.2d 176, 193 (D.C. Cir. 1979)) (emphasis added). In addition, the Eleventh Circuit has superimposed over the good-cause requirement a "balancing of interests approach" that weighs the seeking party's need for the material against the objecting party's confidentiality interests. *See In re Alexander*, 820 F.2d at 356; *Farnsworth v. Proctor & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985).

Plaintiff has made no effort to demonstrate how any of these factors is satisfied, nor to explain what interests of his are endangered by Kroger Pharmacy producing Thrash's records. Plaintiff relies instead on the bare contention that the documents are "immaterial and irrelevant to this case and are not admissible evidence. Further, the scope of the document request is overly broad." This falls far short of the "specific demonstration of fact" standard cited with approval in *Gulf Oil*. And Plaintiff has not explained why the much-negotiated and agreed-to protective order already in place is inadequate. He has therefore failed to show good cause, and his motion should be denied.

If the Court agrees that Plaintiff has not shown good cause, it need go no further. If, however, the Court finds otherwise, it will then need to consider why, as discussed below, Plaintiff's specific objections are without merit.

**2.     The records are discoverable because they are relevant to causation and to Blair's contributory-negligence defense, because they need not be admissible to be discoverable, and because no showing of overbreadth has been made.**

Under Rule 26(b), documents are discoverable if they are "relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Evidence need not be admissible at trial to be

discoverable so long as the evidence "appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*

Thrash's pharmacy records are directly relevant both to her claims against Blair and to Blair's defenses. Specifically, the records of what drugs she was prescribed will bear on the issue of proximate cause since, as explained above, Thrash's blood contained doses of several powerful drugs at the time of her death, high enough to make it probable that her cognitive abilities—and possibly her motor skills—were impaired. It scarcely needs arguing that Plaintiff's case against Blair may founder for lack of causation if Thrash was not in her right mind when she (allegedly) wore Blair's robe near an open flame. And this potential extends beyond merely the drugs Thrash took on her final day. If Thrash had in previous years improperly combined drugs that cause cumulative or even permanent side effects on the brain, the same chance of mental impairment is magnified. That is why Blair needs all of Kroger's records, not merely, as Plaintiff suggests, three years of them.

The same information bears on contributory negligence. If a defect in the robe is found to have caused Thrash's death, her decision to combine potent sleep aids with pain medications—and then to attempt to use a gas stove—may convince a jury that she failed to exercise reasonable care.

Finally, Plaintiff's objection that the records would be inadmissible is due to be rejected out of hand because even inadmissible evidence is discoverable if relevant, and his overbreadth contention should likewise be ignored because he has not shown any undue burden on Kroger.

**3.   Plaintiff did not attempt to resolve this issue without involving the Court.**

Rule 26 requires a party seeking a protective order to "include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort

5110606-1                                                   4

to resolve the dispute without court action." Fed. R. Civ. P. 26(c)(1). Plaintiff's motion contains no such certification, and to the knowledge of undersigned counsel, Plaintiff's counsel never attempted to confer with any other party to resolve the issues raised here. Plaintiff's motion should be denied for this reason alone. *See Williams v. Art Institute of Atlanta*, 2006 WL 3694649, *13 (N.D. Ga. Sept. 1, 2006).

## Conclusion

Plaintiff has failed to show good cause, has failed to explain why records of Thrash's drug history are irrelevant, and has failed to certify his good-faith attempt to avoid using the Court's time over a subpoena served on someone else. His motion for a protective order should be denied.

Respectfully submitted,

 /s/ Aaron G. McLeod
Stephen A. Rowe        (ASB-3804-EB5S)
Aaron G. McLeod        (ASB-8589-A57M)
ADAMS and REESE LLP
2100 Third Avenue North, Suite 1100
Birmingham, Alabama  35203
Telephone:  205-250-5000

GLOOR LAW GROUP
David Patterson Gloor
Steven Michael Shear
Stephen P. Ellenbecker
Jori Polisner Young
225 W. Wacker Drive, Suite 1800
Chicago, Illinois 60606
Telephone:  312-752-3700
*Counsel for Defendant Blair LLC*

**CERTIFICATE OF SERVICE**

I certify that I have electronically filed the foregoing with the Clerk of Court using the Electronic Filing System, which will send notification to the following, on this the 27th day of July, 2010:

COUNSEL FOR PLAINTIFF
Richard D. Morrison
BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
P.O. Box 4160
Montgomery, Alabama 36103
rick.morrison@beasleyallen.com

COUNSEL FOR DEFENDANT STR
E. Martin Bloom
Christopher L. Albright
ELLIS & BLOOM, LLC
300 Office Park Drive, Suite 206
Birmingham, Alabama 35223
dgriffin@ellisbloom.com
calbright@ellisbloom.com

COUNSEL FOR DEFENDANT SGS
Helen Kathryn Downs
Natalie A. Cox
Johnson Barton Proctor & Rose LLP
Colonial Brookwood Center
569 Brookwood Village, Suite 901
Birmingham, AL 35209
(205) 458-9495
hkd@johnstonbarton.com

                                                s/ *Stephen A. Rowe*
                                                Of Counsel